UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 08-20181

Dawud Alim Majied,                   Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING MOTION FOR BOND PENDING SENTENCING

In this action, Defendant Dawud Alim Majied ("Defendant") pled guilty to one count of possession with intent to distribute cocaine base. Defendant is currently in custody and sentencing is scheduled for November 12, 2008. The matter is currently before the Court on Defendant's "Motion for Bond Pending Sentencing," wherein Defendant asserts that his current health conditions constitute "exceptional reasons" why he should not be detained pending sentencing. The Court heard oral argument on September 30, 2008. For the reasons that follow, the motion shall be DENIED.

Defendant filed the instant motion on September 8, 2008. In his motion, Defendant requests that, pursuant to 18 U.S.C. §3145(c), the Court release him on bond pending sentencing because exceptional reasons exist as to why detention would not be appropriate in his case.

Defendant contends that his current health conditions constitute exceptional reasons why he should not be detained pending sentencing. Specifically, he asserts that: 1) he has "recently been having difficulty breathing and had been suffering from chest pains" and requests bond so

1

that he can "see a specialist to determine the cause and cure for his ailments," which he suspects may be the result of his prior work with asbestos; and 2) he suffers from a skin condition and while he has received treatment while in custody, that treatment is "not solving his problems" and he would like to see an unidentified specialist.

The Government opposes Defendant's motion. In its response, the Government notes that in order to be released on bond pending sentencing, the Court must find that, by clear and convincing evidence, Defendant is not a flight risk or a danger to the community under §3143(a) and that exceptional reasons exist making detention inappropriate.

The Government contends Defendant has not met his heavy burden. It notes that Defendant pled guilty to a serious crime in this case, admitted to possession of a firearm during the commission of a narcotics trafficking offense, has two prior felony drug related convictions, and is facing a minium sentence of 10 years. It contends that he is a danger to the community and that he has a motive to flee.

The Government also contends that Defendant's medical conditions are not exceptional conditions that would justify his release. As to his alleged breathing problems/chest pains, it notes that Defendant has provided no documentation to support his claims or show that he has sought treatment while in jail. As to his skin condition, the Government notes that Defendant has been receiving treatment while in jail that is similar to that provided by Defendant's private physician and that his treater at the jail has provided a letter indicating that the outcome likely will not change with a different treatment setting.

The parties agree that in order for the Court to grant Defendant's motion, the Court must find that: 1) by clear and convincing evidence, Defendant is not a flight risk or a danger to the

community; and 2) exceptional reasons exist making detention inappropriate in this case. 18 U.S.C. §3143(a)(1); 18 U.S.C. § 3145(c)[1]; *see also* Def.'s Br. at 4 (18 U.S.C. §3143(a)(1) "requires as a precondition that the judicial officer find 'by clear and convincing evidence that the person is not likely to fee or pose a danger to the safety of any other person or the community' if released on bond.")

Accordingly, if the Court concludes that Defendant has not established, by clear and convincing evidence, that Defendant is not a flight risk or a danger to the community, then it need not determine whether "exceptional reasons" exist making detention inappropriate in this case. 18 U.S.C. §3145(c).

Based on the materials submitted, the Court concludes that Defendant has not presented clear and convincing evidence that Defendant is not a flight risk or danger to the community. Thus, the Court need not even address whether "exceptional reasons" exist.

Nevertheless, the Court further concludes that Defendant has not established that exceptional reasons exist making detention inappropriate in this case.

As to his alleged breathing problems/chest pains, Defendant has offered nothing to document such complaints. As the Government notes, nothing has been presented to establish that he has even requested treatment for, or evaluation of, such complaints while in custody.

As to his skin disease, Exhibit 1 to the Government's brief establishes that Defendant

---

[1] 18 U.S.C. §3145(c) provides, in pertinent part, that: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

was diagnosed with his condition by his own dermatologist, Dr. Silverton, in November of 2005. His condition was diagnosed as Prurigo Nodularis and it appears that even after Dr. Silverton diagnosed and treated Defendant's condition for a significant period of time, it continued unabated.

The letter from Ms. Paling indicates that, while in custody there, Sanilac County sent Defendant to a local dermatologist, who agreed with the previous diagnosis and continued providing treatment for the condition. The information provided indicates that Defendant has a chronic condition that, unfortunately, is resistant to treatment.

The Court therefore concludes that Defendant has not established that "exceptional reasons" exist making detention inappropriate in this case.

Accordingly, for the reasons above, **IT IS ORDERED** that Defendant's Motion for Bond Pending Sentencing is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 30, 2008          S/ Sean F. Cox
                                   Sean F. Cox
                                   United States District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 30, 2008.

                                                                                    s/Jennifer Hernandez
                                                                                    Case Manager to
                                                                                    District Judge Sean F. Cox