UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                              Criminal Case No. 08-20181

Dawud Alim Majied,                              Honorable Sean F. Cox

      Defendant.
_____/

## OPINION & ORDER
## GRANTING GOVERNMENT'S MOTION TO DISMISS
## PETITIONER'S MOTION TO VACATE SENTENCE

This matter is currently before the Court on the Government's Motion to Dismiss

Defendant/Petitioner Dawud Alim Majied's Motion to Vacate Sentence, brought under 28

U.S.C. § 2255. As explained below, the Court shall GRANT the motion because the Court

concludes that Defendant/Petitioner waived his right to collaterally attack his sentence in the

plea agreement that he executed.

## BACKGROUND

In this action, Majied was charged with multiple drug-related offenses. Pursuant to Rule

11 Plea Agreement, Majied pleaded guilty to Count 2, Possession with Intent to Distribute

Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 851 (a)(1). (Docket Entry No. 24, Rule

11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 7, as follows:

> 7.    Waiver of Appeal
>         If the sentence imposed does not exceed the maximum allowed by Part 3
> of this agreement, defendant waivers any right he/she has to appeal his/her
> conviction or sentence. If the sentence imposed is within the guideline range
> determined by Paragraph 2B, the government agrees not to appeal the sentence,

1

but retains its right to appeal any sentence below that range.  Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.  As part of this agreement, however, **defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.**

(Rule 11 Agreement at 5) (underlining in original; bolding added for emphasis).

Majied was sentenced to a term of imprisonment for 120 months.  (*See* Docket Entry No. 31, 11/13/08 Judgment).  The remaining counts, Counts 1, 3, 4, 5, 6, and 7 were dismissed on the motion of the Government after the guilty plea.  (*Id.*).

Majied did not file a direct appeal and the time for doing so has expired.

On May 25, 2009, Majied filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. § 2255.  (Docket Entry No. 43).  In this motion, Majied does not contest his guilt or the validity of his guilty plea. Rather, Majied challenges his sentence, asserting that he was denied effective assistance of counsel at sentencing.  (*See* Majied's § 2255 Motion at ¶ 12; Majied's Brief in support of § 2255 Motion at 2).

On June 22, 2009, he filed a supplement to his § 2255 motion in order to raise an additional sentencing issue – the disparity between crack and powder cocaine.

On October 6, 2009, the Government filed a Motion to Dismiss Petitioner's Motion to Vacate Sentence.  (Docket Entry No. 59).  Majied has not filed a response in opposition to the motion and the time for doing so has expired.


ANALYSIS

2

The Government contends that this Court must dismiss Majied's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Majied waived his right to collaterally attack his sentence in the plea agreement he executed.  The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable."  *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89.  The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea."  *Id.*  In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea.  *Id.*

Here, however, Majied claims that he was denied ineffective assistance of counsel *at sentencing*.  Majied has not raised any challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. *Id.*

## CONCLUSION & ORDER

The Court concludes that Majied waived his right to collaterally attack his sentence in the plea agreement that he executed.  Accordingly, **IT IS ORDERED** that the Government's Motion to Dismiss Petitioner's Motion to Vacate Sentence is hereby **GRANTED** and Majied's § 2255 Motion is hereby **DISMISSED**.

**IT IS SO ORDERED.**

3

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 2, 2009

I hereby certify that on December 2, 2009, a copy of the foregoing document was served upon counsel of record by electronic means and upon Dawud Alim Majied by First Class Mail at the address below:

Dawud Alim Majied
# 41760-039
Federal Correctional Center
Yazoo Medical
P O Box 5888
Yazoo City, MS 39194

S/J.  Hernandez
Case Manager