UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawud A. Majied,

    Petitioner,

                                                                                                 Civil Case No. 09-12013

v.                                                                                       Criminal Case No. 08-20181

United States of America,                               Honorable Sean F. Cox

    Respondent.
_____/

# ORDER
# DENYING RULE 60(b) MOTION

This matter is currently before the Court on Petitioner Dawud Alim Majied's "Rule 60(b)(5) Motion to Modify Judgment." As explained below, the Court shall DENY the motion.

In this action, Majied was charged with multiple drug-related offenses. Pursuant to a Rule 11 Plea Agreement, Majied pleaded guilty to Count 2, Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and § 851(a)(1). (Docket Entry No. 24, Rule 11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 7, that Majied waives his right to a direct appeal and also waives his right to contest his conviction or sentence in "any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255." (Rule 11 Agreement at 5).

Majied was sentenced to a term of imprisonment for 120 months. (*See* Docket Entry No. 31, 11/13/08 Judgment).

Majied did not file a direct appeal.

On May 25, 2009, Majied filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. §

1

2255. (Docket Entry No. 43). In this motion, Majied did not contest his guilt or the validity of his guilty plea. Rather, Majied challenged his sentence, asserting that he was denied effective assistance of counsel at sentencing. (*See* Majied's § 2255 Motion at ¶ 12; Majied's Brief in support of § 2255 Motion at 2). On June 22, 009, he filed a supplement to his § 2255 motion in order to raise an additional sentencing issue – the disparity between crack and powder cocaine.

On October 6, 2009, the Government filed a Motion to Dismiss Petitioner's Motion to Vacate Sentence. (Docket Entry No. 59).

In an Opinion & Order issued on December 2, 2009, this Court granted the Government's motion and dismissed Majied's § 2255 motion because Majied waived his right to collaterally attack his sentence in the plea agreement he executed. (Docket Entry No. 60).

On August 13, 2010, Majied filed a Rule 60(b)(5) Motion to Modify Judgment (*see* Docket Entries No. 63 & 64), arguing that the Fair Sentencing Act of 2010 should be applied to his case and he should therefore be given a reduced sentence.

As stated above, however, Majied waived his right to collaterally attack his sentence in the plea agreement he executed. Moreover, even if he had not waived his right to collaterally attack his sentence, Majied would not be entitled to the relief he seeks in any event. Majied was sentenced in 2008 – long before the Fair Sentencing Act of 2010. The Sixth Circuit has held that the Fair Sentencing Act of 2010 does not apply retroactively. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

Accordingly, IT IS ORDERED that Majied's Rule 60(b) Motion (Docket Entries No. 63

& 64) is DENIED.

       IT IS SO ORDERED.

                                      s/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: December 6, 2010

I hereby certify that on December 6, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Dawud Alim Majied via First Class Mail at the address below:


Dawud Alim Majied #41760-039
Federal Correctional Center
Yazoo Medical
P O Box 5888
Yazoo City, MS 39194

                                      s/Jennifer Hernandez
                                      Case Manager